(58 Misc. Rep. 628.)

### In re FLYNN.

(Supreme Court, Special Term, New York County. April, 1908.)

GUARDIAN AND WARD—SALE OF WARD'S LAND—BOND REQUIRED.
    General rules of practice No. 59, providing that moneys from the sale of an infant's real estate shall not be paid over to the general guardian unless he has given security on improved and unincumbered real estate to the infant for the same, is not satisfied by the bond of a surety company.

In the matter of the application of Margaret Flynn to compel a special guardian to pay over certain moneys. Denied.

Arrowsmith & Dunn, for general guardian.
William R. Hill, for special guardian.

DOWLING, J. The petitioner is the general guardian of George A. Flynn and Walter F. Flynn, infants. Their special guardian received as such certain sums of money aggregating over $5,000, the proceeds of the sale of real estate belonging to the infants. Petitioner applied to the Surrogate's Court for appointment as general guardian, and, having been duly appointed as such, qualified by giving the bonds of a surety company in the aggregate amount of $11,000 penalty. She then made demand upon the special guardian for the payment over to her of the moneys in his hands, which he refused to comply with upon the ground that rule 59 of the general rules of practice had not been complied with. This motion is to compel such payment.

Under the provisions of section 2359, Code Civ. Proc., the proceeds of the sale of infants' real estate, realized in a proceeding brought in this court, are deemed property of the same nature as the interest sold. Where the real property of an infant is sold, the proceeds are deemed to be real property, except in case of death of the infant before majority. This court retains control of the disposition of the proceeds and must direct the disposition of the same. Section 2361. In this case it directed the proceeds of the sale to be deposited in a trust company, where they still remain. Rule 59, General Rules of Practice, provides:

"No moneys arising from the sale of the real estate of an infant shall be paid over to his general guardian, except so much thereof, or of the interest or income, from time to time, as may be necessary for his support or maintenance, unless such guardian has previously given sufficient security on improved and unincumbered real estate, to account to the infant for the same, in the usual form." °

Petitioner has not given such security. She has given the bond of a surety company, and contends that this is a sufficient compliance with the requirements of the rule, in view of section 811 of the Code. But that section only provides for specific cases. It is as follows:

"Where a provision of this act requires a bond or undertaking, with sureties, to be given by, or in behalf of, a party or other person, * * * the execution of any such bond or undertaking by every fidelity or surety company authorized by the laws of this state to transact business shall be equivalent to the execution of said bond or undertaking by two sureties."

But this has no application to the pending question. In the first place, the general guardian acquires no title to or rights in real estate by virtue of her appointment. She only becomes entitled to the personalty and the rents and profits of the realty, and her bond so runs. Code Civ. Proc. § 2830. Her right to the proceeds of the realty is based on the control of this court thereover. There is therefore no provision of the "act," i. e., the Code, which requires or authorizes a bond from the general guardian to enable her to receive the proceeds of the sale of real estate. She applies to this court under its reserved power and control over the funds, and this court has indicated the only terms upon which she can have her petition granted and receive such funds by rule 59, i. e., by the giving of security on improved and unincumbered real estate. There is nothing in this rule about two sureties, and section 811 has no application thereto; nor does it provide for a surety company bond as a substitute for security on real estate. The intention was plain—to preserve a real estate security for the protection of these funds which, in the eyes of the court, are still real property. And while this precise question has never apparently been heretofore raised or determined, it is apparent from the decision in Allen v. Kelly, 55 App. Div. 458, 67 N. Y. Supp. 97, that the requirements for real estate security in this special class of cases has been regarded as a vital one.

The motion is therefore denied, but without costs, and with leave to renew upon the general guardian giving security in compliance with rule 59.

Settle order on notice.